IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. TERREY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-1959 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

   AND NOW, this 6th day of June, 2007, upon consideration of the motion to alter or amend judgment pursuant to Rule 59(e) filed by plaintiff and defendant's response thereto (Doc. Nos. 23 and 24), the court makes the following findings and conclusions:

   1. On July 29, 2002, David B. Terrey ("Terrey") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of December 1, 1994. (Tr. 156-58; 299). After two hearings the ALJ concluded that Terry was not disabled. (Tr. 17-29; 37-60; 61-99; 102-114). On May 11, 2006, after the Appeals Council denied his request for review, Terrey filed his complaint in this court seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Tr. 8-11). On April 25, 2007, I entered judgment in favor of the Commissioner and denied the relief sought by Terry. (Doc. No. 22). As a result, Terrey filed the instant motion.

   2. Terry contends that the judgment should be amended in order to correct a clear error of law and to prevent manifest injustice. Such an allegation is one of the permissible grounds for filing a motion to alter or amend a judgment. North River Ins. Co. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

   3. Specifically, Terry alleges that it was a clear error of law and manifestly unjust for me to find that the ALJ's failure to explicitly weight the credibility of Mrs. Terry and Rev. Barnaby was harmless error. However, as mentioned by defendant, the ALJ did discuss Mrs. Terry's testimony (Tr. 25 ¶ 4; 85), and while not specifically naming Rev. Barnaby, the ALJ did discuss portions of his testimony as well.[1] (Tr. 25 ¶ 4; 90-91). As I found in my initial decision and as I again find, while the ALJ should have explicitly stated the weight given to these to witnesses, the error was harmless since it is apparent that further discussion of the credibility of this cumulative testimony would not have changed the outcome of the case. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a

---

[1] In my initial opinion I stated that the ALJ "did not mention Rev. Barnaby's testimony at all." (Doc. No. 22 ¶ 4C) This was, in fact, incorrect.

social security ruling would not have changed the outcome of the case); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (stating that "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

      As a result of the above, it is hereby **ORDERED** that the motion is **DENIED**.

                                   Lowell A. Reed. Jr.
                                LOWELL A. REED, JR., S.J.